# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ANTHONY BRAXTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.   23-01000 (UNA) |
| | ) | |
| | ) | |
| DISTRICT OF COLUMBIA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This matter is before the Court on its initial review of Plaintiff's *pro se* complaint against the District of Columbia and application for leave to proceed *in forma pauperis*. The Court will grant the application and dismiss the complaint for lack of subject-matter jurisdiction.

The subject-matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff is incarcerated at the D.C. Jail. He has submitted a cryptically worded complaint that refers to his "existing civil suit" in D.C. Superior Court against St. Elizabeths Hospital. Plaintiff seeks $20 million "in damages for abuse of process" and "a stay away order between" himself and "the defendant (DBH)," Compl. at 1, which is not a named party in this case.

Plaintiff has not pleaded a basis for federal court jurisdiction, which is reason enough to dismiss the complaint. *See* Fed. R. Civ. P. 8(a)(1) (requiring "a short and plain statement of the

grounds for the court's jurisdiction"). To the extent that Plaintiff is "requesting" a transfer of his civil suit filed in D.C. Superior Court, Compl. at 1, only "the defendant" may remove a " civil action brought in a State court[.]" 28 U.S.C. § 1441(a); *see Conner v. Salzinger*, 457 F.2d 1241, 1243 (3d Cir. 1972) ("It is settled that the . . . removal statutes confine the right of removal from a state court to a federal district court to *a defendant or defendants*.") (emphasis in original)). To the extent that Plaintiff is seeking review of a Superior Court judge's order, which he contends was "abusive" and issued "spitefully," Compl. at 1, this federal district court lacks jurisdiction to review another court's decisions and order it to take any action. *See Gray v. Poole*, 275 F.3d 1113, 1119 (D.C. Cir. 2002) ("The *Rooker-Feldman* doctrine prevents lower federal courts from hearing cases that amount to the functional equivalent of an appeal from a state court.") (citing *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923)); *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts.") (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)).

     For the foregoing reasons, this case will be dismissed for want of jurisdiction. A separate order accompanies this Memorandum Opinion.

Date: June 1, 2023

_____/s/_____
BERYL A. HOWELL
United States District Judge